210 So.2d 448 (1968)
James PURKHISER, Appellant,
v.
STATE of Florida, Appellee.
No. 35589.
Supreme Court of Florida.
April 24, 1968.
Rehearing Denied June 13, 1968.
*449 Max P. Engel & Jack J. Taffer, Miami, for appellant.
Earl Faircloth, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
DREW, Judge.
The appeal in this case is from a judgment of conviction entered upon a jury verdict finding defendant guilty of first degree murder without recommendation of mercy, and sentence of death imposed thereon in the Circuit Court for St. Lucie County.
Alleged procedural errors and constitutional arguments presented by appellant are in our opinion without merit. We conclude, however, from examination of the voluminous record that the court erred in presenting to the jury the issue of premeditation over defendant's motion for directed verdict on this point.
The evidence clearly sustains a charge of murder in the second degree. The homicide victim, an eleven year old girl, was shot in her home during a sudden and brief encounter between her father and the defendant, who came to the door in search of another man with whom he had quarreled earlier in the day. We think no purpose would be served by a detailed review of the preliminary events, beyond our considered conclusion that the record contains no charge or proof, direct or circumstantial, that the homicide occurred in the commission of a felony. Evidence relative to the fatal encounter, during the period of less than two minutes that defendant was at the scene, makes no reference to poor visibility or mistaken identity by defendant, to whom all persons in the home at the time were complete strangers. Eyewitness testimony was that the fatal shots were discharged suddenly as defendant turned toward a doorway to an adjacent room from which someone was moving. While the duration of intent may be quite immaterial, it is clear that under our law[1] an indispensable element of a charge of first degree murder is that the killing must result "from a premeditated design to effect the death of [a] human being." We find in this case no evidence upon which such a conclusion can lawfully be based.
The judgment of conviction and the sentence of death by electrocution is reversed and the cause is hereby remanded *450 to the trial court to enter judgment and appropriate sentence for murder in the second degree.[2]
It is so ordered.
THOMAS, THORNAL and BARNS (Ret.), JJ., concur.
CALDWELL, C.J., and ROBERTS and ERVIN, JJ., dissent.
NOTES
[1] F.S. Sec. 782.04, F.S.A.:

"The unlawful killing of a human being, when perpetrated from a premeditated design to effect the death of the person killed or any human being, or when committed in the perpetration of or in the attempt to perpetrate any arson, rape, robbery, burglary, abominable and detestable crime against nature or kidnaping, shall be murder in the first degree, and shall be punishable by death."
[2] "924.34 When evidence sustains only conviction of lower offense.  In a case where the offense is divided into degrees or necessarily includes lesser offenses, and the appellate court is of the opinion that the evidence does not prove the degree or offense of which the defendant is found guilty, but does establish his guilt of some lesser degree or offense necessarily included therein, then the appellate court shall reverse the judgment of the trial court with directions to the trial court to enter judgment for such lesser degree or offense necessarily included in the charge and pass sentence accordingly, unless some other matter or thing appearing in the record makes it advisable that a new trial be had."