227 So.2d 334 (1969)
Earl HINES, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. K-310.
District Court of Appeal of Florida. First District.
October 23, 1969.
*335 Richard W. Ervin, III, Public Defender; John D. Buchanan, Jr., Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., for appellee.
SPECTOR, Judge.
This appeal is from a judgment of conviction entered upon a jury verdict finding defendant guilty of first degree murder with recommendation of mercy and sentence of life imprisonment imposed by the Circuit Court for Gadsden County.
The errors alleged by appellant do not, in our opinion, form a basis for reversal. However, it is clear from an examination of the record, and we so conclude, that the trial court erred in presenting to the jury the issue of premeditation over defendant's motion for a directed verdict of acquittal.
The facts are as follows. Defendant, a 19-year-old, and the victim, his girlfriend, had attended a party lasting most of the night before the day of the shooting and were visiting at the house of a friend when the shooting occurred. The evidence shows that all were in a jovial mood, and there is no evidence of any argument or altercation. The friend, State's witness, testified that the defendant asked for a shotgun and a shell so that he could go out and shoot squirrels. The friend lived in a wooded area in which there were squirrels. The friend further testified that the defendant went to the back door, returned to the room, "headed" the gun at the friend and was told by the friend to take the gun "out of my face and unload it." The testimony shows that the defendant unbreached the gun and at least partially removed the shell. The friend testified that the defendant then walked over to the deceased and told her he "had a gun and to go out there and act like a squirrel and if he killed her then it wouldn't be no accident". The gun then fired, striking the deceased in the face. The defendant denied the testimony that he pointed the gun at his friend and denied that he made the statements to his girlfriend. He testified that the gun accidentally fired at close range when he closed the breach of the gun.
An indispensable element of a charge of first degree murder is that the killing must result from a premeditated design to effect the death of a human being. Section 782.04(1), Florida Statutes Annotated. There is no evidence in this case that the defendant was doing anymore than stupidly funning around with a dangerous weapon. Such actions cannot be construed to show formation of a distinct purpose to take the life of another and deliberation or meditation upon such purpose for sufficient length of time to be fully conscious of a deliberate and well defined purpose and intent to kill another. See 16 Fla.Jur., Homicide, Section 12, and cases cited therein. Neither does the evidence show any circumstances justifying an inference of premeditation such as threats, provocation, or any previous disagreements between the parties. See 16 Fla.Jur., Homicide, Section 83.
The essential distinction between first and second degree murder is the absence of the element of premeditation in second degree murder. 16 Fla.Jur., Homicide, Section 16. The evidence here clearly sustains a charge of murder in the second degree, i.e., the killing of a human being, perpetrated by an act imminently dangerous to another and evincing a depraved mind regardless of human life. Section 782.04(2), Florida Statutes, F.S.A. The act of the defendant in pointing the gun at the head of the deceased was clearly imminently dangerous to human life.
The more difficult question is whether the act causing the death evinced a depraved mind regardless of human life. "Depraved mind" within the second degree *336 murder statute has been variously defined as importing malice in the sense of ill will, hatred, or evil intent, and as an inherent deficiency of moral sense and rectitude. Ramsey v. State, 114 Fla. 766, 154 So. 855. It has also been stated that malice is not limited in its meaning to hatred, ill will and malevolence, but "denotes a wicked and corrupt disregard of the lives and safety of others * * * a failure to appreciate social duty." 40 Am.Jur.2d, Homicide, Section 50.
Since the jury accepted the State's witness's version of the shooting, so must we, unless it was clearly not in accord with logic and reason. The act of the defendant in pointing the gun at the deceased and at the same time making the remarks which he made was, even though joking, evidence of a corrupt disregard for human life. Even if we accept the defendant's statement that the gun fired upon closing the breach, which would be construing the circumstances most favorable to the defendant, such action committed while a gun is purposely pointed at the head of another from a very short distance certainly implies malice of the type present when death is caused by recklessness, even though a willful design is absent. 40 Am.Jur.2d, Homicide, Section 53.
Although the evidence herein fails to support a finding of the element of premeditation necessary to sustain the verdict and judgment as discussed above, there does appear to be sufficient evidence to justify a verdict and judgment of second degree murder. Taylor v. State, 156 Fla. 122, 22 So.2d 639; Purkhiser v. State, 210 So.2d 448 (Fla. 1968).
Therefore, pursuant to Section 924.34, Florida Statutes, F.S.A., the judgment of conviction for first degree murder is reversed and the cause remanded to the trial court with directions to enter an appropriate sentence for murder in the second degree.
CARROLL, DONALD K., Acting C.J., and WIGGINTON, J., concur.