James Dale **PURKHISER**, Petitioner,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, Respondent.

Civ. No. 71-696.

United States District Court,
S. D. Florida,
Miami Division.

June 24, 1971.

---

Charles Musgrove, Asst. Atty. Gen., Louie L. Wainwright, Director, Bureau of Corrections, Tallahassee, Fla., for respondent.

James Dale Purkhiser, in pro. per.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

EATON, District Judge.

James Dale Purkhiser has filed a Petition for Writ of Habeas Corpus seeking release from Florida State Prison where he is presently serving a 42 year and 2 month sentence imposed on July 3, 1968 in the Circuit Court of the Nineteenth Judicial Circuit of Florida for second degree murder. [Petitioner was originally convicted of first degree murder but this conviction was reversed by the Florida Supreme Court and remanded for sentencing for second degree murder. Purkhiser v. Florida, 210 So.2d 448 (Fla.1968).]

Petitioner has alleged numerous grounds for relief as follows:

1. Eyewitnesses committed perjury at his trial;

2. The jury's request for measuring device was denied by the trial judge;

3. The evidence shows petitioner's innocence;

4. Officers conducted an illegal search of petitioner's premises;

5. Petitioner was subjected to a lengthy interrogation in violation of his constitutional rights;

6. Petitioner was not represented by counsel at his lineup;

7. Petitioner is possessed of newly discovered evidence;

8. Various acts of prejudice by the trial judge.

Respondent admits that petitioner has presented all of these grounds in both a petition for Writ of Habeas Corpus denied by the Circuit Court on 9/22/70 and a petition for Writ of Habeas Corpus denied by the Supreme Court of Florida on 3/22/71. Respondent contends, however, that petitioner has never raised these grounds in any Rule 3.850, 33 F.S.A. motion and respondent claims that such procedure is necessary for exhaustion of state remedies.

It is understandable, as respondent admits, why petitioner might be reluctant to file any additional Rule 3.850 motions before the trial judge in view of that judge's 6 months consecutive sentence of petitioner on 4/8/70 for filing "Frivolous Writs".

■ In view of these circumstances this court is of the opinion that petitioner has exhausted his state remedies.

■ Petitioner's claim that witnesses perjured themselves at his trial is not sufficient to afford Federal Habeas Corpus relief absent a showing that such perjury was knowingly used by the prosecution authorities. Jackson v. U. S., 384 F.2d 375 (5th Cir., 1967); Enzor v. U. S., 296 F.2d 62 (5th Cir., 1961). This rule is also applicable on petitioner's claim of newly discovered evidence which evidence, if taken as true, would only tend to establish possible perjury of

state witnesses. Again nothing is alleged concerning the state's knowledge concerning perjury.

 Petitioner's claim that evidence shows his innocence is simply not supported by the record. The facts as cited in the Supreme Court of Florida's opinion in Purkhiser v. Florida, *supra*, clearly are sufficient to support the conviction and do not support a showing of a lack of due process necessary for ·Federal Habeas Corpus relief.

 Petitioner's claims of an illegal search and seizure and unconstitutional interrogation afford no basis for relief because it does not appear that any evidence seized as a result of the search or that any statement obtained as a result to the interrogation was offered at his trial.

 Petitioner's claim of lack of counsel at his lineup likewise affords no basis for relief because his lineup took place prior to U. S. v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) which is not to be applied retroactively. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

 The remainder of petitioner's claims fall within the area referred to as alleged "trial irregularities". It is well settled that Federal Habeas Corpus does not serve as a substitute for a review of nonconstitutional trial irregularities. Only those trial irregularities that amount to a denial of due process can be considered as a basis for Federal Habeas Corpus relief. Scalf v. Bennett, 408 F. 2d 325 (8th Cir., 1969); Trujillo v. Tinsley, 333 F.2d 185 (10th Cir., 1964); Keener v. Tennessee, 281 F.Supp. 964 (E.D.Tenn., 1968). The alleged irregularities do not reach federal constitutional dimension.