James Dale PURKHISER, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 71–2733

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 3, 1972.

New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

James D. Purkhiser, pro se.

Robert Shevin, Atty. Gen. of Fla., Tallahassee, Fla., Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

In 1966 a jury in a Florida state court convicted James D. Purkhiser of first-degree murder and sentenced him to death. The Florida Supreme Court, on direct appeal, held that the evidence was insufficient to warrant submission of the issue of premeditation to the jury and, therefore, was insufficient to sustain a conviction for first-degree murder. The Florida Supreme Court held, however, that the evidence was sufficient to sustain a charge of murder in the second-degree and remanded the case for resentencing. Purkhiser v. State, Fla.1968, 210 So.2d 448. On remand, the state court imposed a sentence of 42 years and two months.

In his petition for habeas corpus filed in the district court, Purkhiser alleges numerous grounds for relief.[1] The district court held that petition had exhausted his available state remedies[2] and denied his petition, assigning reasons. The district court's opinion is reported at 338 F.Supp. 369.

On this appeal from the denial of habeas relief, the petitioner has failed to demonstrate any error in the trial court's determinations as to the issues raised in the habeas petition. The petitioner complains of the trial court's failure to grant him a hearing on "newly discovered evidence". The "new evidence" is an unsigned, undated, and unnotarized affidavit by a fellow-prisoner stating that one of the Government witnesses lied at the trial. This "new evidence" was insufficient to require the district judge to hold an evidentiary hearing.

Affirmed.

---

1. These grounds for relief were:
    1. Eyewitnesses committed perjury at his trial.
    2. The jury's request for a measuring device was denied by the trial judge.
    3. The evidence shows petitioner's innocence.
    4. Officers conducted an illegal search of petitioner's premises.
    5. Petitioner was subjected to a lengthy interrogation in violation of his constitutional rights.
    6. Petitioner was not represented by counsel at his lineup.
    7. Petitioner is possessed of newly discovered evidence.
    8. Various acts of prejudice by the trial judge.

2. This holding was based on a six-month sentence imposed on the petitioner for filing writs.