Darlene EVANS *v.* STATE of Arkansas

CR 93-1392                                            879 S.W.2d 409

Supreme Court of Arkansas
Opinion delivered July 5, 1994

*Robert E. Irwin*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Darlene Evans, was charged with capital felony murder. She was tried by jury and convicted of the lesser included offense of murder in the first degree. She was sentenced to life imprisonment. Her sole point of appeal is that the Trial Court erred by overruling her motion for a directed verdict. We hold the evidence was sufficient to go to the jury on the question whether Ms. Evans, along with others, committed rape by deviate sexual activity and in the furtherance of rape caused the death of Pamela Smith.

On January 23, 1989, Preston Smith returned home from work. His wife, Pamela Smith, was not there, but lights were on

as was the television, and their dog was locked in a bathroom, a measure they took to keep the dog from jumping on persons invited into their home. Mr. Smith went to the home of Virginia Wilson where he thought Ms. Smith might be baby sitting. When he discovered she was not there, he returned to his home and arrived at the same time as David Malick and a local police officer. David Malick was Ms. Wilson's boyfriend and later her husband. Mr. Malick had informed the officer that Pamela Smith was missing.

Over the next four days police and volunteers searched woods, fields, and wetlands known as the "Atkins bottoms." On January 27, 1989, Pamela's body, nude except for two articles of clothing tied around her ankles, was found in a slough. The coroner estimated the body had been in the water less than twenty-four hours, but he was unable to gauge the exact time of death.

The cause of death was multiple stab wounds to the chest, buttocks, and neck. The jugular vein was severed. The Coroner also noted that Ms. Smith's rectum had been penetrated by a foreign object.

Darlene Evans was arrested on June 5, 1992. She was charged with capital murder committed in furtherance of the rape of Pamela Smith. Also charged were Alfred Palmer, who is Ms. Evans' grandfather, David Malick, her stepbrother, and Steven Holloway, her boyfriend.

A separate trial of Mr. Palmer resulted in a conviction which was reversed by this Court. *Palmer* v. *State*, 315 Ark. 696, 870 S.W.2d 385 (1994). Mr. Malick confessed to the murder of Pamela Smith and the subsequent murder of Virginia Wilson Malick as well as to a separate kidnapping offense. He was sentenced to life imprisonment without parole. He stated he was solely responsible for the murder of Pamela Smith.

Ms. Evans was tried on May 25, 1993. Witnesses testified to seeing Ms. Evans with Pamela Smith on the night Ms. Smith disappeared. Others told of Ms. Evans boasting of her participation in the rape and murder of Pamela Smith. The State also presented evidence that fibers from Ms. Smith's clothes and strands of her hair were found in Mr. Palmer's truck, which Ms. Evans frequently drove.

Ms. Evans moved for a directed verdict at the close of the State's case-in-chief and at the close of all the evidence. The Trial Court denied the motions and allowed the evidence to go to the jury.

### 1. Sufficiency of the evidence

Ms. Evans submits that the evidence was insufficient. Her argument is based on assertions that the witnesses against her were not credible and the State did not produce testimony that she was seen with David Malick or Alfred Palmer when she was seen with Pamela Smith at the time Ms. Smith disappeared.

Arkansas Code Ann. § 5-10-101(a) (Repl. 1993) states in part that a person commits capital murder if:

> (1) Acting alone or with one (1) or more other persons, he commits or attempts to commit rape . . . . and in the course of and in furtherance of the felony, or in immediate flight therefrom, he or an accomplice causes the death of any person under circumstances manifesting extreme indifference to the value of human life;. . . .

Arkansas Code Ann. § 5-10-102(a) (Repl. 1993) states in part that a person commits murder in the first degree if:

> (1) Acting alone or with one (1) or more other persons, he commits . . . a felony, and in the furtherance of the felony . . . he or an accomplice causes the death of any person under circumstances manifesting extreme indifference to the value of human life; or

> (2) With the purpose of causing the death of another person, he causes the death of another person . . . .

Arkansas Code Ann. § 5-14-103 (Repl. 1993) provides, in part:

> (a) A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person:

> (1) By forcible compulsion;

> * * *

> (b) Rape is a Class Y felony.

■ The jury heard testimony from which it could have determined that Ms. Evans admitted to her participation in the rape and murder of Pamela Smith. One witness testified that Ms. Evans admitted that she stabbed Pamela Smith. Another witness stated that Ms. Evans told him, "Well I'm not sorry I killed her. The bitch got what she deserved." Finally, Nancy Pickens, who knew Ms. Evans on a social basis, testified that Ms. Evans told her that they stabbed Ms. Smith 23 times, raped her, and did worse things to her and then dumped her in the river.

■ Photographs introduced into evidence showed clearly that Ms. Smith's anus had been penetrated violently by a foreign object. We have no hesitancy in concluding the evidence was sufficient to show that Ms. Smith had been raped by forcible deviate sexual activity as contemplated by § 5-14-103.

■■ A motion for directed verdict is a challenge to the sufficiency of the evidence. *Glick* v. *State*, 275 Ark. 34, 627 S.W.2d 14 (1982); *Moore* v. *State*, 315 Ark. 131, 864 S.W.2d 863 (1993). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Thomas* v. *State*, 312 Ark. 158, 847 S.W.2d 695 (1993). Substantial evidence is evidence that is of sufficient certainty and precision to compel a conclusion one way or another. *Coleman* v. *State*, 314 Ark. 143, 860 S.W.2d 747, (1993). In determining whether substantial evidence exists, we review the evidence in the light most favorable to the appellee. *Id.*

■■ It is within the province of the jury to determine the credibility of the witnesses. *See Henry* v. *State*, 278 Ark. 478, 647 S.W.2d 419 (1983). Darlene Evans' admission of active participation in the rape and murder of Pamela Smith, along with the evidence that Ms. Evans was seen with Ms. Smith on the night Ms. Smith disappeared, is sufficient to sustain the conviction.

### 2. Rule 4-3(h)

Pursuant to Ark. Sup. Ct. R. 4-3(h) the record has been examined for other objections and rulings adverse and prejudicial to the appellant, and none have been found.

Affirmed.