Charles Randall DAVIS *v.* STATE of Arkansas

CR 93-1333                                        879 S.W.2d 439

Supreme Court of Arkansas
Opinion delivered July 18, 1994

*Tom Garner*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Charles Randall Davis, appeals the judgment of conviction entered by Fulton Circuit Court on the charge of second degree murder of Gene Robbins. Appellant asserts four points on appeal. We have jurisdiction of this case since more than thirty years imprisonment was imposed. Ark. Sup. Ct. R. 1-2(a)(2). We find no merit to appellant's arguments and affirm.

The body of Gene Robbins was discovered late in the afternoon of October 1, 1992, in a drainage ditch next to the road 180 feet from his residence. Robbins died around 4:00 p.m. that day from a stab wound to the chest which penetrated his heart. During the investigation, law enforcement officers discovered that a man called "Joey" had been staying with Robbins a few days before Robbins was killed. This man, identified as appellant, was seen with Robbins within an hour of the estimated time of death arguing with Robbins and leaving with Robbins in Robbins's truck. Appellant was identified by the victim's daughter and

arrested the next day on the charge of first degree murder. At trial, the jury was instructed on first degree murder, as well as the lesser included offenses of second degree murder and manslaughter. Appellant was found guilty of second degree murder and sentenced to thirty five years imprisonment. This appeal resulted.

■ Appellant first argues that the trial court erred in not directing a verdict in his favor. Ordinarily, we treat this as a challenge to the sufficiency of the evidence. *Lukach* v. *State*, 310 Ark. 119, 835 S.W.2d 852 (1992). On appeal, we test the sufficiency of the evidence before considering other assignments of error. *Cleveland* v. *State*, 315 Ark. 91, 865 S.W.2d 285 (1993). The state argues that we need not review the sufficiency of the evidence since appellant was not convicted of first degree murder, for which he moved for directed verdict. Appellant was convicted of a lesser included offense, second degree murder, for which he did not move for directed verdict. The state cites *Hickson* v. *State*, 312 Ark. 171, 847 S.W.2d 691 (1993), for this proposition, but that case stands for a different proposition. We said in *Hickson* that when an appellant moves for directed verdict on capital murder, but is convicted of a lesser included offense, a defendant cannot show prejudice by a denial of the motion for directed verdict on the capital murder charge. The reasoning is that one who does not receive the death penalty cannot obtain reversal based on the jury's consideration of the death penalty. *Hickson* did not address whether we will examine the sufficiency of the evidence as to lesser included offenses.

However, we will address the sufficiency of the evidence in this case because appellant's motion for directed verdict was sufficient to reach the conviction on second degree murder. In view of the objections and challenges appellant made to the trial court in this case, appellant made it obvious that he was challenging the sufficiency of the evidence as to whether he killed anyone. This encompasses the conviction for second degree murder, and we therefore address that issue.

■ The test for determining sufficiency of the evidence is whether the verdict is supported by substantial evidence; substantial evidence is evidence which is forceful enough to compel a conclusion one way or the other and which goes beyond suspicion or conjecture. *Moore* v. *State*, 315 Ark. 131, 864 S.W.2d

863 (1993). We review the evidence in the light most favorable to the appellee and consider only that evidence which tends to support the verdict. *Id.* This evidence, whether direct or circumstantial, must be of sufficient force to compel a conclusion one way or the other with reasonable certainty. *Prince* v. *State*, 304 Ark. 692, 805 S.W.2d 46 (1991). The law makes no distinction between circumstantial and direct evidence. *Friar* v. *State*, 313 Ark. 253, 854 S.W.2d 318 (1993). However, for circumstantial evidence to be sufficient, it must exclude every other hypothesis consistent with innocence. *Id.* In light of these rules, we find there was substantial evidence to support the verdict.

At trial, a convenience store clerk testified that she saw appellant and Gene Robbins leave together from the convenience store after Robbins offered appellant a ride just a few days prior to Robbins's death. Robbins's daughter positively identified appellant as having stayed with Robbins a few days before his death. The daughter testified that Robbins and appellant were at her house at about 2:30 in the afternoon on the day of his death where they argued about whether some girls were pretty. Appellant and Robbins left in Robbins's truck at approximately 3:15 p.m. Robbins's son-in-law testified that as they drove off, he heard raised voices from the truck and saw Robbins pointing his finger at appellant, who was driving.

Another man, Mitchell Hall, testified that he saw Robbins and appellant drive by, but Robbins did not wave at Hall, a longtime friend. Hall's wife also testified she saw the two in the truck pass by her house and said to her husband that she believed they were having a war. Another man testified that he saw Robbins's truck parked on the side of the highway at approximately 4:15 p.m. that afternoon and also saw a man on the other side of the road walking and holding out his thumb. This witness testified he stopped and gave this man, whom he identified as appellant, a ride. Appellant said the truck was not his but that he was going home to Paragould though appellant did not know how to get there. The state medical examiner testified that the cause of death was a single stab wound to the chest. The county coroner examined the body where it was found and estimated Robbins's time of death to be approximately 4:00 p.m. that day. We cannot say the jury was presented with insufficient evidence to convict appellant of second degree murder.

██ Even with this circumstantial evidence of timing and location, appellant asserts the state could not prove the requisite intent for second degree murder by circumstantial evidence. However, intent or state of mind is rarely capable of proof by direct evidence and must usually be inferred from the circumstances around the killing. *Missildine* v. *State*, 314 Ark. 500, 863 S.W.2d 813 (1993). Intent may be inferred from the type of weapon used, the manner of use, and the nature, extent, and location of the wound. *Weger* v. *State*, 315 Ark. 555, 869 S.W.2d 688 (1994). In the instant case, the single stab wound to the chest penetrating the heart constitutes sufficient circumstantial evidence to show that appellant acted knowingly in causing the death of Gene Robbins.

Appellant's next argument is that the trial court erred in denying his motion for mistrial during the testimony of the sheriff. The testimony of the sheriff at issue is as follows:

> After she described him so vividly, there was no doubt in my mind that that was the man that I had saw walking along the highway, which would be in the direction of a lot of places, but one would be that would be the route to Harrisburg. I notified the Harrisburg P.D. and was furnished with a photo of a person that they had in their file who fit this description.

This, appellant contends, improperly informed the jury of a criminal past in violation of A.R.E. Rule 404(b). Appellant first requested an admonishing instruction and then moved for mistrial, asking for an admonishing instruction as alternative relief. The trial judge denied the motion and admonished the jury to disregard the previous statement. Appellant contends that this admonishment was insufficient to cure the prejudicial effect of the statement.

██ We have recognized that any reference to a defendant's prior convictions during the guilt phase of a criminal trial results in some prejudice to the defendant. *Stanley* v. *State*, 317 Ark. 32, 875 S.W.2d 493 (1994). However, trial courts are vested with wide discretion in granting or denying motions for mistrial, and that decision will not be reversed except for an abuse of discretion or manifest prejudice resulting to the defendant. *Id.* Fac-

tors we consider on appeal are whether the prosecutor deliberately induced a prejudicial response and whether an admonishing instruction will cure any prejudice. *Id.* In this case, no criminal record was revealed. Only the fact that there was a photograph closely matching appellant's description in the police department's files was revealed, and this was not deliberately induced by the prosecutor. An admonishing instruction to disregard the previous statement made by the witness was given. We cannot.say the trial judge abused his discretion or that there was manifest prejudice left uncured by the admonishing instruction.

■■ Appellant next argues that the trial court erred in overruling his objection to portions of another witness's testimony. The witness testified that she saw appellant and the victim pass by her house in the victim's truck shortly before the estimated time of death. She was about to testify as to what she stated to her husband right after seeing the men in the truck. Appellant entered his objection before the witness related her statement to her husband. Appellant argued at trial that what the witness was about to state was improper lay opinion in violation of A.R.E. Rule 701. The trial judge disagreed, ruling the anticipated statement not an opinion but a present sense impression as allowed under the hearsay exceptions found in A.R.E. Rule 803(1). Rule 803(1) states:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> (1) Present sense impression. A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.

The witness was then allowed to testify that she turned to her husband and said she believed the victim and appellant were having a war. In reviewing a trial court's admission of evidence, we do not reverse absent abuse of discretion. *Moore*, 315 Ark. 131, 864 S.W.2d 863. Since this qualifies as a present sense impression of what the witness just observed, we find no abuse of discretion in this ruling.

■ Appellant also attempts to argue in his appellate brief the trial court erred in allowing this testimony on the grounds

that it violated A.R.E. Rule 403. Appellant did not present this argument to the trial court. Where an appellant objects to testimony on one theory at trial, we will not address a different argument raised for the first time on appeal. *Whitson* v. *State*, 314 Ark. 458, 863 S.W.2d 794 (1993).

Appellant lastly contends that the trial court erred in denying his objection to the sheriff being allowed to testify from notes not disclosed in discovery. Specifically, the sheriff was about to testify regarding the distances between two houses, and during this testimony he referred to a notebook. Appellant objected stating that though he was aware that the sheriff had made estimations of distances and times between certain locations germane to the case, he had never been provided a report on those figures. The prosecution denied there was a report on those figures and stated that these were merely the sheriff's own notes. The trial judge overruled the objection and stated that the figures could be provided to defense counsel after the sheriff testified. Appellant asserts on appeal that this ruling resulted in prejudice such that reversal is warranted. We disagree.

If information is not provided pursuant to pretrial discovery procedures, the burden is on the appellant to establish that the omission was sufficient to undermine confidence in the outcome of the trial. *Burton* v. *State*, 314 Ark. 317, 862 S.W.2d 252 (1993). Also, if there is noncompliance in discovery, the trial court may, pursuant to A.R.Cr.P. Rule 19.7(a), order compliance, grant a continuance, exclude the evidence, or order other appropriate relief. As was emphasized in *Burton*, in determining if there was a reversible discovery violation, we must decide if appellant was prejudiced by the lack of disclosure. In light of the fact that appellant was aware that measurements were taken regarding times and distances, and further that the trial court made these figures available to appellant, we cannot say appellant has demonstrated prejudice.

The judgment of conviction is affirmed.

Hays and Glaze, JJ., concur.