Daniel T. HAGEN *v.* STATE of Arkansas

CA CR 93-1361                    886 S.W.2d 889

Court of Appeals of Arkansas
Division I
Opinion delivered November 16, 1994

*Garry J. Corrothers*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. Daniel T. Hagen appeals from

his convictions at a jury trial of attempted rape and first-degree terroristic threatening, for which he was sentenced to concurrent terms of twenty-five and four years, respectively, in the Arkansas Department of Correction. He argues that the trial court erred in denying his motions for a directed verdict of acquittal as to each charge and, alternatively, that convicting him of both offenses violated the constitutional prohibition against double jeopardy. We affirm.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Evans* v. *State*, 317 Ark. 449, 879 S.W.2d 409 (1994). In determining the sufficiency of the evidence to support a criminal conviction, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the State and will affirm if the finding of guilt is supported by substantial evidence. *Jones* v. *State*, 45 Ark. App. 28, 871 S.W.2d 403 (1994). Substantial evidence is evidence of sufficient force and character that it will compel a conclusion one way or the other with reasonable certainty and without requiring resort to speculation or conjecture. *Enoch* v. *State*, 37 Ark. App. 103, 826 S.W.2d 291 (1992).

The victim in this case testified that she was working alone at her mortgage company office on January 18, 1993. At some point, she left her company's suite of offices to go to a snack bar in another area of the building. On the way back to her office, the victim passed in the hall a man she later positively identified as appellant. Appellant started a conversation, asking the victim about obtaining a mortgage loan. The victim explained that the company was closed that day. Appellant then asked for a business card. The victim went into her office to get a card, and appellant followed her. After she gave appellant the card, he asked for another. As the victim handed appellant a second card, appellant put his hand over the victim's mouth and put his fist to her stomach. Appellant then said to the victim, who was nine months pregnant at the time, "One punch and your baby's dead." Appellant grabbed the victim's throat, making it difficult for her to breathe, and they both ended up on the floor. Appellant began kissing the victim and rubbing his crotch against her, and he told her that he "wanted sex." After a few seconds, appellant stood up, told the victim to stay where she was or he would hurt her, and walked out of the victim's individual office into another part

of the suite. The victim got up, closed the door, and picked up the phone. At that time, she saw particles from the ceiling tiles fall to the floor and saw appellant above the ceiling in her office. The victim opened the door and escaped to another business in the building.

Appellant first contends that the trial court erred in denying his motion for a directed verdict of acquittal on the charge of attempted rape. Pointing out that he did not attempt to remove the victim's clothing, he argues that the evidence is insufficient to support findings that he intended to rape the victim or that he committed any overt act towards accomplishing such a purpose. We cannot agree.

A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person by forcible compulsion. Ark. Code Ann. § 5-14-103(a)(1) (Repl. 1993). A person attempts to commit a criminal offense if he purposely engages in conduct that constitutes a substantial step in a course of conduct intended to culminate in the commission of the offense. Ark. Code Ann. § 5-3-201(a)(2) (Repl. 1993). Proof of an assailant's intention to have sexual intercourse with a victim is not sufficient unless an intention to accomplish that purpose by force may be ascertained from acts or words connected with the assault and there is some overt act taken toward the accomplishment of that purpose. *Summerlin* v. *State*, 296 Ark. 347, 756 S.W.2d 908 (1988).

Here, appellant covered the victim's mouth, grabbed her throat, and got her to the floor. He began rubbing his crotch against the victim, openly stated his intention to have sex with her, and on more than one occasion threatened her with serious physical harm if she did not cooperate. Appellant has cited no authority, and we know of none, for the proposition that the attempted removal of the victim's clothing is essential to a finding of attempted rape. From our review of the record, we conclude that appellant's words and actions constitute substantial evidence that he intended to rape the victim and that he took a substantial step towards raping her.

Appellant also contends that he was entitled to a directed verdict on the charge of first-degree terroristic threatening. He argues

that he threatened only the victim's unborn child and that a fetus is not a "person" within the meaning of the statute that he was charged with violating. We find no error.

A person commits the offense of terroristic threatening in the first degree if, with the purpose of terrorizing another person, he threatens to cause death or serious physical injury or substantial property damage to another person. Ark. Code Ann. § 5-13-301(a)(1)(A) (Repl. 1993). "Serious physical injury" means physical injury that creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ. Ark. Code Ann. § 5-1-102(19) (Repl. 1993).

■ Appellant's entire argument is based on his contention that he was charged with threatening to kill or injure only the fetus. However, the record clearly demonstrates that appellant was charged with and convicted of threatening the victim herself. We think that it would defy common sense to maintain that threatening to punch a woman hard enough to kill her full-term fetus, as appellant did here, does not carry with it a threat to cause serious physical injury to the woman personally.

■ Appellant's final contention is that the entry of convictions for both attempted rape and terroristic threatening violated the prohibition against double jeopardy. We do not address this issue because it was not raised in the trial court. Even matters of a constitutional nature will not be considered for the first time on appeal. *Fuller* v. *State*, 316 Ark. 341, 872 S.W.2d 54 (1994).

Affirmed.

JENNINGS, C.J., and ROGERS, J., agree.