PER CURIAM.
We affirm appellant’s conviction for second degree murder.
We agree with appellant that the trial court should not have used á dictionary definition to answer the jury’s question about the meaning of “depraved mind” as used in section 782.04(2), Florida Statutes (2000).
However, the trial court complied with Florida Rule of Criminal Procedure 3.410 by notifying the prosecutor and counsel for the defendant about the proposed additional instruction in response to the jury’s question. The state objected to the proposed instruction. Defense counsel said he was “inclined to let them have the definition.” He also agreed to the procedure for giving the additional instruction.
Given the absence of a timely objection, we find no fundamental error. A reasonable reading of the instruction is that it was favorable to the defense, in that it might have encouraged a verdict on a lesser included offense. Appellant may not have the benefit of the instruction in the trial court and then complain that it was fundamental error on appeal.
We also find that the evidence at trial was sufficient to support a second degree murder conviction. See State v. Bryan, 287 So.2d 73, 76 (Fla.1973) (finding the “intentional and forceful striking of another person in anger with a loaded pistol ... which results in the discharge of that weapon, killing the victim, seems rather plainly to fall within the second degree murder conviction as ‘perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life’ ”); Douglas v. State, 652 So.2d 887, 891 (Fla. 4th DCA 1995) (stating that “marital squabbles which occurred on the day of the killing in the present case do not constitute the reasonable provocation required for the crime of passion defense”); Hines v. State, 227 So.2d 334, 336 (Fla. 1st DCA 1969) (ruling that “[t]he act of the defendant in pointing the gun at the deceased and at the same time making [joking] remarks ... was ... evidence of a corrupt disregard for human life”).
We find no error in sentencing. See Grant v. State, 770 So.2d 655 (Fla.2000); State v. Cotton, 769 So.2d 345 (Fla.2000); Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999).
AFFIRMED.
*1085 STEVENSON, GROSS, JJ., and LABARGA, JORGE, Associate Judge, concur.