SCHWARTZ, Senior Judge.
Rejecting the appellant’s primary position on appeal, we conclude — notwithstanding the very sketchy nature of the record as to the surrounding circumstances — that the singular fact that the defendant drove a butcher knife five and three-quarter inches into the victim’s chest, reaching his heart and causing his death, was itself sufficient to establish the “depraved mind” element of second degree murder, of which Bonilla was convicted after a jury trial. See State v. Bryan, 287 So.2d 73 (Fla.1973), cert. denied, 417 U.S. 912, 94 S.Ct. 2611, 41 L.Ed.2d 216 (1974); Todd v. State, 756 So.2d 145 (Fla. 5th DCA 2000); Hines v. State, 227 So.2d 334 (Fla. 1st DCA 1969); Davis v. State, 317 Ark. 592, 879 S.W.2d 439 (1994); see also State v. Davidson, No. C.C.A. No. 88—231—III, 1989 WL 76326 (Tenn.Crim.App. Oct. 2, 1989).
We find no merit in the appellant’s contention that self-defense was established as a matter of law.
Affirmed.