Billy Ray COOK *v.* STATE of Arkansas

CA CR 81-47                                    621 S.W. 2d 224

Court of Appeals of Arkansas
Opinion delivered September 9, 1981
[Rehearing denied October 7, 1981.]

*McArthur & Lassiter, P.A.*, by: *William C. McArthur*, for appellant.

*Steve Clark*, Atty. Gen., by: *William C. Mann*, Asst. Atty. Gen., for appellee.

DONALD L. CORBIN, Judge. On June 15, 1980, the appellant, Billy Ray Cook, attended a rock music festival in Cleburne County near Heber Springs, Arkansas. He engaged in "horseplay" with some male companions and cut Cleve Wooley with a knife. Appellant was charged with violating Ark. Stat. Ann. § 41-1601, battery in the first degree. On December 17, 1980, appellant was found guilty of battery in the first degree by a jury and his punishment was fixed at twenty years imprisonment and a $15,000 fine. We affirm.

Appellant raises three points for reversal. First, appellant argues that the trial court erred in allowing the State to place into evidence a conviction for assault with intent to kill for the purpose of testing his credibility.

During the State's cross-examination of appellant, the prosecuting attorney asked appellant about three prior convictions: burglary, attempted burglary and assault with intent to kill.

Arkansas Uniform Rules of Evidence 609(a) states the following:

> General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the crime (1) was punishable by death or imprisonment in excess of one [1] year under the law under which he was convicted, and the Court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or witness, or (2) involved dishonesty or false statement, regardless of the punishment.

Appellant contends that the introduction of the prior convictions of assault with intent to kill was error because (1) it is similar in nature to battery, the charge involved at the trial; (2) there were other convictions which could have been used to attack the appellant's credibility; (3) the nature of

assault with intent to kill does not affect the appellant's truthfulness or veracity; and (4) the prejudicial impact outweighed the probative value.

The introduction of prior convictions of a defendant under Rule 609(a) is for the purpose of attaching his credibility. The legitimate purpose of impeachment is to show background facts which bear directly on whether jurors ought to believe the accused rather than other and conflicting witnesses; not to show that the accused who takes the stand is a "bad" person. *Gordon* v. *U.S.*, 383 F. 2d 936 (1967). Rule 609 provides that the trial judge must determine if the probative value of a conviction outweighs its prejudicial effect to the accused. *Gustafson* v. *State*, 267 Ark. 278, 590 S.W. 2d 853 (1979).

In the instant case, appellant's trial counsel did not object to the introduction of this particular conviction but only to the form of the question and cannot, therefore, raise this issue the first time on appeal. *Hulsey* v. *State*, 261 Ark. 449, 549 S.W. 2d 73 (1977). In fact, appellant's trial counsel stated, "[N]othing is admissible as to prior convictions other than any conviction showing propensities for the same type of offense is my argument, and anything else I would object to." This is the point that the appellant's trial counsel should have relied upon to have the prior assault with intent to kill conviction excluded. We note that appellant is represented by different counsel on appeal. An argument for reversal will not be considered in the absence of an appropriate objection in the trial court. *Wicks* v. *State*, 270 Ark. 781, 606 S.W. 2d 366 (1980).

Appellant's second contention is that the trial court erred in allowing the State to improperly question him concerning prior convictions. During the cross-examination of the appellant, the Prosecuting Attorney introduced appellant's three prior convictions and asked if he had any others. The appellant replied that those were all that he could recall at the time. The Prosecuting Attorney then said, "Well, I'll give you some time to think."

Appellant maintains that this method of examining a

witness or party concerning prior convictions for the purpose of impeaching credibility is improper. Appellant contends that the answer given was sufficient response to the question and that if the prosecution had evidence of other convictions, it had a duty to produce it.

Under Rule 609, the prosecutor may, under certain circumstances, ask the accused about prior convictions but he must ask such questions in good faith. *Moore* v. *State*, 256 Ark. 385, 507 S.W. 2d 711 (1974); *Butler* v. *State*, 255 Ark. 1028, 504 S.W. 2d 747 (1974).

The prosecutor explained that he had information from the Pulaski County Prosecutor's office that indicated appellant may have been convicted of other violations under an alias. The trial court made the explicit finding that the question was made in good faith and we find no error here.

Finally, appellant alleges that the evidence was insufficient to sustain the conviction of appellant. Ark. Stat. Ann. § 41-1601(1)(a) provides the following:

> (1) A person commits battery in the first degree if:
> (a) with the purpose of causing serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon; . . . .

The elements set forth in the statute are purpose, serious physical injury and use of a deadly weapon. Appellant admitted that the knife involved in the instant case is a deadly weapon pursuant to the statute, but disputes the State's proof as the other two elements — purpose and serious physical injury.

The "purpose" element was established through the testimony of three witnesses: Scott Skarda, Kent Skarda and Dr. Wesley Ashbrenner. Scott Skarda testified that he witnessed a scuffle, although he did not actually see the cut. He stated that after the scuffle he saw the appellant holding the knife and asking the victim, "if he wanted some more." This was also testified to by Kent Skarda. It could logically be inferred by the jury that appellant was referring to the

knife when he made this statement. Dr. Ashbrenner testified, during cross-examination by defense counsel, that the victim told him that his friends had done this to him on purpose.

The appellant further argued that the State failed to prove that the injury sustained by the victim was a "serious physical injury" within the meaning of the statute. Dr. Ashbrenner described the injury as extending from the "belly button" area around to the left hipbone, a length of about ten inches. He also described the wound as relatively extensive. He testified that the cut extended through the fat layer into the muscle layer, a depth of about three inches, but did not extend into the abdominal cavity. There was sufficient evidence of a serious physical injury to allow the jury to make its determination. In determining the sufficiency of the evidence on appeal, the Court views the evidence in the light most favorable to the appellee and affirms if there is any substantial evidence to support the jury's verdict. *Lunon* v. *State*, 264 Ark. 118, 569 S.W. 2d 663 (1978); *Chaviers* v. *State*, 267 Ark. 6, 588 S.W. 2d 434 (1979).

Affirmed.

MAYFIELD, C.J., concurs.

COOPER, J., not participating.