John Dale ENOCH v. STATE of Arkansas

CA CR 91-81                                    826 S.W.2d 291

Court of Appeals of Arkansas
Division II
Opinion delivered February 26, 1992

104

*John William Murphy*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Appellant, John Dale Enoch, was convicted of first degree assault, a Class A misdemeanor, and sentenced to 365 days in the Washington County Jail. He argues on appeal that (1) the trial court erred in failing to dismiss the assault charge; (2) the assault charge placed him in double jeopardy which is barred by Article 2, Section 8, of the Arkansas Constitution; and (3) his motion for a directed verdict should have been granted.

West Fork Police Officer Maynard Kennedy testified at the circuit court trial that on May 5, 1990, he received a call from the Washington County Sheriff's Office regarding a possible drunk driver in a brown van, license number LGG-123, headed south on Highway 71. Kennedy said he saw the vehicle following closely behind a large truck, shining a spotlight at the truck, and

tailgating it. He said he followed the van and stopped it, and the driver got out and produced his driver's license, which identified him as John Dale Enoch. According to Kennedy he asked appellant if he had been drinking, and appellant admitted that he had consumed six or seven beers. Kennedy said he gave appellant a field sobriety test, which appellant failed, and Kennedy then placed appellant under arrest for driving while intoxicated.

Officer Kennedy testified further that when he attempted to place appellant in the patrol car appellant bolted, attempted to kick Kennedy twice, said "Kill me or I'll kill you," and ran. Kennedy said he told his companion, Tim Caudle, to call for backup. In the meantime, appellant stopped at a pile of rocks, picked up one, and threw it at Kennedy who put his arm up to stop the rock from hitting his head; however, the rock hit his wrist, broke his watch, bounced off his shoulder, and fell to the ground. Kennedy estimated the rock was thrown approximately 25-30 feet.

Officer Kennedy said he charged appellant with driving while intoxicated, violating the implied consent law (Ark. Code Ann. § 5-65-202 (Supp. 1991)), and resisting arrest. Appellant entered a plea of guilty in West Fork Municipal Court to each of these charges, and was subsequently charged in Washington County Circuit Court with the felonies of terroristic threatening, fleeing, and aggravated assault, all arising out of the same incident. Prior to trial, counsel for appellant moved to dismiss these charges on the grounds of double jeopardy. The trial court granted the motion as to the terroristic threatening and fleeing charges, but refused to dismiss the aggravated assault charge. A jury convicted appellant of the lesser included offense of first degree assault and this appeal followed.

■■ Appellant's third argument is that his motion for a directed verdict as to the assault charge should have been granted. A motion for a directed verdict is a challenge to the sufficiency of the evidence. *McIntosh* v. *State*, 296 Ark. 167, 753 S.W.2d 273 (1988). In *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984), the Arkansas Supreme Court held that when there is a challenge to the sufficiency of the evidence, we must review that point prior to considering any alleged trial errors and, in doing so, we must consider all the evidence, including any which may have

been inadmissible, in the light most favorable to the appellee. In resolving the question of the sufficiency of the evidence in a criminal case, this court views the evidence in the light most favorable to the appellee and affirms the judgment if there is any substantial evidence to support the finding of the trier of fact. *Ryan* v. *State*, 30 Ark. App. 196, 786 S.W.2d 835 (1990). Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Williams* v. *State*, 298 Ark. 484, 768 S.W.2d 539 (1989); *Ryan* v. *State, supra.*

■ The appellant contends his conduct did not constitute aggravated assault because it did not create a substantial danger of death or serious physical injury to another person. He argues that the evidence shows that he only attempted to kick the officer and threw a rock at him. Appellant was convicted of the lesser included offense of first degree assault, so we need not discuss the aggravated assault charge. First degree assault is committed when a person "recklessly engages in conduct which creates a substantial risk of death or serious physical injury to another person," and it is a Class A misdemeanor. Ark. Code Ann. § 5-13-205 (1987). Recklessly is defined in Ark. Code Ann. § 5-2-202(3) (1987) as follows:

> A person acts recklessly with respect to attendant circumstances or a result of his conduct when he consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of a nature and degree that deviation from the standard of care that a reasonable person would observe in the actor's situation.

And Ark. Code Ann. § 5-1-102(19) (1987) defines serious physical injury as "physical injury that creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ."

Serious physical injury has been found where the victim was struck three times with a fist causing face fractures and impairment of vision for about two weeks, *Lum* v. *State*, 281 Ark. 495, 665 S.W.2d 265 (1984), and where the victim suffered a broken

leg, fractured toe, and bruised heel and pelvis, *Harmon* v. *State*, 260 Ark. 665, 543 S.W.2d 43 (1976).

■ Officer Kennedy testified that, as the result of being struck by the rock, he suffered a bruised shoulder and a damaged nerve in his arm. He wore a brace for a week, his thumb had no feeling for a while, and at the time of the trial he still did not have full strength in his thumb or full gripping power with that hand. He testified that he missed work for a week because of his injuries and that his arm still tingled at times. We think this constitutes serious physical injury and that there is substantial evidence from which the jury could conclude that appellant engaged in reckless conduct which created a substantial risk of serious physical injury to another person.

Appellant's first argument is that because he had entered a plea of guilty in municipal court to resisting arrest, the judge of the circuit court erred in refusing to dismiss the assault charge as it violated the provisions of Ark. Code Ann. § 5-1-110 (1987). That section provides in pertinent part as follows:

(a)    When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:

(1)    One offense is included in the other, as defined in subsection (b) of this section; . . . .

(b)    A defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if:

(1)    It is established by proof of the same or less than all the elements required to establish the commission of the offense charged; . . . .

■ An offense is included within another offense if it is established by proof of the same or less than all the elements required to establish the commission of the other offense. *See* *Strawhacker* v. *State*, 304 Ark. 726, 731, 804 S.W.2d 720 (1991). An offense is not a lesser included offense of another when each required proof of a fact which is not required by the other, the elements of the statutory definitions being different. *See*

*Rhodes* v. *State*, 293 Ark. 211, 736 S.W.2d 284 (1987); *Thomas* v. *State*, 280 Ark. 593, 660 S.W.2d 169 (1983). A comparison of the elements of proof required to establish resisting arrest and aggravated or first degree assault reveal the dissimilarities between the crimes.

■ Resisting arrest is committed when a person "knowingly resists a person known by him to be a law enforcement officer effecting an arrest," and "resists" means "using or threatening to use physical force or any other means that creates a substantial risk of physical injury to any person." Ark. Code Ann. § 5-54-103(a)(1)(2) (Supp. 1991). Thus, to prove appellant resisted arrest it was only necessary to show that when Officer Kennedy attempted to arrest appellant, appellant knew that Kennedy was a police officer and that appellant resisted the arrest by any means that created a substantial risk of physical injury to the officer. To prove either aggravated or first degree assault the prosecution had to show that appellant engaged in conduct which created "a substantial risk of death or serious physical injury" to another person, but it was not required to show that the other person was a police officer. *See* Ark. Code Ann. § 5-13-204 and 205 (1987). On the other hand, in order to show that appellant resisted arrest it was not necessary to show conduct that created a substantial risk of *death* of *serious* physical injury as a substantial risk of physical injury only would be sufficient.

■ The appellant argues that the line between the "serious physical injury," required to prove first degree assault, and the "physical injury," in the definition of "resists," is "not clear." We disagree. Physical injury means the impairment of physical condition or the infliction of substantial pain, Ark. Code Ann. § 5-1-102(14) (1987), but serious physical injury means the substantial risk of death or protracted impairment or disfigurement. "Protracted" is defined in the *American Heritage Dictionary* 997 (2d ed. 1982) as "to draw out or lengthen in time, prolonged." Appellant contends that Officer Kennedy sustained only physical injury from the rock which hit him and not "serious" physical injury. Kennedy testified that at the time of appellant's trial he continued to suffer from reduced strength in his thumb, reduced grip and tingling in his arm. We think there is ample evidence to show that the throwing of the rock created the danger of "serious physical injury." So it was the bolting and attempting to kick the

officer that constituted the crime of resisting arrest and it was the act of throwing the rock which hit the officer and caused him injury that constituted the first degree assault.

Appellant also argues that the trial court erred in failing to dismiss the assault charge because it placed him in double jeopardy in violation of Article 2 Section 8 of the Arkansas Constitution which provides that "No person . . . shall be twice put in jeopardy of life or liberty." In support of this argument appellant cites *Champion* v. *State*, 110 Ark. 44, 160 S.W. 878 (1913), which held that a conviction of an offense in mayor's court bars a conviction for the same offense in circuit court. There the court said, "It is contrary to principles of natural justice and humanity, and against the policy of the law to multiply or carve different crimes out of only one criminal act." 110 Ark. at 46. Appellant argues that in the present case the same actions for which he was convicted of resisting arrest were used to carve out a different crime, aggravated or first degree assault, to prosecute him again.

In *Grady* v. *Corbin*, 495 U.S. ___, 110 S.Ct. 2084, 109 L.Ed.2d 548, (1990), the United States Supreme Court stated:

> To determine whether a subsequent prosecution is barred by the Double Jeopardy Clause, a court must first apply the traditional *Blockburger* [*Blockburger* v. *United States*, 284 U.S. 299 (1932)] test. If application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred.

110 S.Ct. at 2090; 109 L.Ed. 2d at 561. Quoting from *Green* v. *United States*, 355 U.S. 184, 187, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), the Court explained.

> "The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity . . . ."

110 S.Ct. at 2091; 109 L.Ed.2d at 562. The Court concluded:

[T]he Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an "actual evidence" or "same evidence" test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct.

110 S.Ct. at 2093; 109 L.Ed.2d at 564.

■ Recently, in *State* v. *Thornton*, 306 Ark. 402, 815 S.W.2d 386 (1991), our supreme court discussed the *Grady* v. *Corbin* case and stated:

The Court formulated a two (2) part inquiry to determine whether double jeopardy bars a prosecution. First, the *Blockburger* test should be applied. If it reveals that the offenses have identical statutory elements or that one offense is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred. *Id*. at 2090. [110 S.Ct. at 2090.] If the subsequent prosecution is not barred under the first inquiry, it should be subjected to the second inquiry, the "proof of the same conduct" analysis. The holding of the case concisely sets out this second inquiry as follows: "We hold that the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Id*.

306 Ark. at 405.

In the instant case, to prove the assault charge the State was required to prove that appellant had recklessly engaged in conduct that created a substantial risk of death or serious physical injury to another person. None of those essential elements are elements of resisting arrest. To prove resisting arrest the State had to prove that appellant knew a law officer was attempting to arrest him and that he resisted the arrest by using physical force or any other means that created a substantial risk of physical injury to the officer. None of those essential require-

ments are elements of aggravated or first degree assault. Consequently, appellant was not placed in double jeopardy.

Affirmed.

JENNINGS and ROGERS, JJ., agree.