Brittany WILLIAMSON, Appellant

v.

STATE of Arkansas, Appellee.

No. CA CR 10–741.

Court of Appeals of Arkansas.

Feb. 2, 2011.

Kellie M. Emerson, Little Rock, for appellant.

Ashley Argo Priest, Little Rock, for appellee.

ROBERT J. GLADWIN, Judge.

Appellant Brittany Williamson appeals her conviction by the Pulaski County Circuit Court on a charge of first-degree battery, for which she was sentenced to one year in the Arkansas Department of Correction and ordered to pay restitution. She challenges the sufficiency of the evidence supporting the conviction and argues that the circuit court erred in admitting photographs indicating her gang affiliation. We affirm.

The evidence presented at the bench trial on March 3, 2010, indicated that appellant met up with friends Tracy Daniels, Reginald Forte, Thomas Caffery, and Javarus Murray at a bus stop after school on April 13, 2009. Daniels then approached fourteen-year-old Larry Oates, Jr., and asked if he wanted to sell the necklace he was wearing. When Oates said no, Daniels hit him in the mouth with a hard object, knocking him to the ground. Meanwhile, appellant and the others circled around Oates and began kicking him. It is undisputed that Oates's two front teeth were knocked out by Daniels's blow.

A crowd gathered around Oates, and several people engaged in the fight with Oates and each other, while others simply stood around as spectators. Oates eventually broke free and ran home to his father Larry Oates, Sr., who returned to the scene to look for whoever had hit his son. Law-enforcement officers were dispatched, at which time they interviewed Oates regarding the attack. Oates indicated that the perpetrators were Daniels and Forte and did not mention appellant having any involvement in the fight at that time. Oates later accused appellant of kicking him while he was on the ground, codefendant Forte testified that he saw appellant kick Oates, and witness Danielle Arnold testified to the same, although appellant vehemently denied any involvement in the attack of Oates.

It is undisputed that Oates had to seek medical attention to have his two front teeth reinserted. Oates also indicated that when he turns eighteen years of age, he will have to have oral surgery to replace them with implants.

Appellant was found guilty and sentenced as previously set forth pursuant to a judgment and commitment order filed on April 12, 2010. She filed a timely notice of appeal on April 29, 2010, and this appeal followed.

I. *Sufficiency of the Evidence*

On appeal, a motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *Baughman v. State*, 353 Ark. 1, 110 S.W.3d 740 (2003). In determining if the evidence is sufficient, appellate courts view it in the light most favorable to the State. *Watson v. State*, 358 Ark. 212, 188 S.W.3d 921 (2004). Thus, only evidence that supports a conviction will be considered, and the conviction will be affirmed if it is supported by substantial evidence. *Stone v. State*, 348 Ark. 661, 74 S.W.3d 591 (2002). Evidence is substantial if it is forceful enough to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Harmon v. State*, 340 Ark. 18, 8 S.W.3d 472 (2000). Moreover, when the sufficiency of the evidence is challenged, an appellate court will not weigh witness credibili-

ty, because this is for the fact-finder to determine. *Id.*

First-degree battery, as charged in this case, is knowingly causing serious physical injury to another person under circumstances manifesting an extreme indifference to the value of human life. Ark.Code Ann. § 5–13–201(a)(3) (Supp.2009). A person acts knowingly with respect to his conduct or the attendant circumstances when he is aware that the conduct is of that nature or that the attendant circumstances exist. Ark.Code Ann. § 5–2–202(2)(A) (Repl.2006). A person acts knowingly with respect to the result of his conduct when he is aware that the conduct is practically certain to cause the result. Ark.Code Ann. § 5–2–202(2)(B) (Repl. 2006).

■ A serious physical injury is one which "creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ." Ark.Code Ann. § 5–1–102(21) (Supp.2009). Whether a person has suffered serious physical injury is ordinarily an issue for the trier ⌊₄of fact. *Bangs v. State,* 338 Ark. 515, 998 S.W.2d 738 (1999). It is not necessary that the impairment be permanent, but only protracted. *See Bell v. State,* 99 Ark. App. 300, 259 S.W.3d 472 (2007). And the fact that the victim ultimately recovers has no bearing on whether the injury sustained is serious. *Brown v. State,* 347 Ark. 308, 65 S.W.3d 394 (2001).

■ Circumstances manifesting extreme indifference are akin to a mental state "requir[ing] deliberate conduct with a knowledge or awareness that one's actions are practically certain to bring about the prohibited result." *McCoy v. State,* 347 Ark. 913, 924, 69 S.W.3d 430, 437 (2002). The combination is more than mere knowledge, but less than purposeful intent. *Id.*

Because a person's intent is seldom capable of direct proof, a fact-finder may consider and give weight to any false, improbable, and contradictory statements made by the defendant to explain suspicious circumstances. *Ewings v. State,* 85 Ark. App. 411, 155 S.W.3d 715 (2004). Finally, a fact-finder need not lay aside its common sense in evaluating the ordinary affairs of life. *See Davis v. State,* 77 Ark. App. 130, 72 S.W.3d 121 (2002).

■ In this case, appellant maintains that the State failed to meet its burden in proving that she inflicted serious physical injury acting under circumstances manifesting extreme indifference to the value of human life upon Oates, as required by section 5–13–201(a)(3). She contends that the testimony supports that there was no plan by her to inflict serious physical injury on Oates and that she did not create a physical injury that created a substantial risk of death or one that caused a prolonged disfigurement, impairment, or loss of bodily function.

⌊₅Appellant urges that the State's case, at best, was based upon inconsistent testimony that she may have kicked Oates. She argues that case law, such as *Tigue v. State,* 319 Ark. 147, 889 S.W.2d 760 (1994), establishes that manifesting extreme indifference to the value of human life requires that the circumstances by necessity be dire and formidable in terms of affecting human life. Further, it involves actions that create risk of death, which evidence the mental state to engage in some type of life-threatening activity against the victim. Appellant argues that even if she did participate in kicking Oates, that is not an act of serious physical injury under circumstances manifesting extreme indifference to the value of human life, and accordingly, her conviction was not supported by substantial evidence.

We disagree. Evidence presented to the circuit court indicated that appellant, Daniels, Forte, Caffery, and Murray attacked and beat Oates after school on the afternoon of April 13, 2009, which resulted in Oates's two front teeth being knocked out. Oates specifically testified that the injury was very painful and that there was a lot of blood.

Codefendant Forte testified that on April 13, 2009, Daniels asked if everyone wanted to go jump on Oates, and they all agreed. Forte explained that they were planning on stealing Oates's necklace. Forte testified that he hit Oates four times and saw appellant kicking Oates. Additionally, Forte admitted that he and appellant were affiliated with the same gang, the Bloods.

Also supporting the conviction was testimony from Detective Matt Heard that, based on his experience, the way this crime was committed and the way the group worked in conjunction with each other was indicative of a gang-related crime. Additional evidence was presented through photographs from appellant's Facebook page supporting the indication that appellant and the other individuals involved in the attack were affiliated with the local group of Bloods.

Danielle Arnold was with Oates, waiting for their friend to come out of a store, when the attack occurred. She specifically testified that she saw appellant kicking Oates. She explained that when Oates was able to get up and free himself, she noticed that his mouth was full of blood.

Larry Oates, Sr., Oates's father, testified that on that day, Oates showed up at their house with his teeth knocked out and blood all over his shirt, saying that he had been jumped. He and Oates returned to the scene of the attack, and Oates identified the group of individuals previously mentioned.

The evidence supports the circuit court's finding that appellant, along with the four other individuals who were all affiliated with the same gang, attacked Oates because they wanted to steal his necklace. Substantial evidence supports the finding that Oates was hit and kicked by appellant and the four other males. Although Oates's ultimate injuries may not have been life threatening, the State correctly notes that is not the sole standard for a serious physical injury under Arkansas Code Annotated section 5–1–102(21). *See Enoch v. State*, 37 Ark. App. 103, 826 S.W.2d 291 (1992) (where a police officer was hit in the arm by a rock thrown at him, suffered a bruised shoulder, and wore a brace for a week, missing that week of work, and had some persistent tingling and numbness in his arm); *Cook v. State*, 2 Ark. App. 278, 621 S.W.2d 224 (1981) (where a scuffle among friends resulted in the victim having a ten-inch cut from his navel to his hipbone).

Serious physical injury may also be proven by an injury that causes protracted disfigurement. Ark.Code Ann. § 5–1–102(21). Oates was disfigured from this attack by losing his two front teeth. It is undisputed that he will have to undergo oral surgery upon reaching the age of eighteen to replace the teeth he lost in the attack. The State notes that the term "protracted" is defined in the *American Heritage Dictionary* 997 (2d ed.1982) as "to draw out or lengthen in time." *See Enoch*, at 109, 826 S.W.2d at 294. Three years, under these facts, constitutes a protracted amount of time.

We hold that the circuit court weighed the credibility of the witnesses and properly concluded that appellant committed first-degree battery against Oates. Because the State presented substantial evidence from which the fact-finder could find

first-degree battery, the circuit court did not err by denying her motions for a directed verdict. We affirm on this point.

## II. *Admission of Photographs*

Rulings on the admissibility of evidence are within a circuit court's discretion and will not be disturbed on appeal absent both a showing of an abuse of that discretion and prejudice. *Grant v. State,* 357 Ark. 91, 161 S.W.3d 785 (2004). While all relevant evidence is admissible, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence. Ark. R. Evid. 403 (2010).

When photographs are helpful to explain testimony, they are ordinarily admissible. *Barnes v. State,* 346 Ark. 91, 55 S.W.3d 271 (2001). The mere fact that a photograph is inflammatory or cumulative is not, standing alone, sufficient reason to exclude it. *Id.* Even the most gruesome photographs may be admissible if they assist the trier of fact by shedding light on some issue, proving a necessary element of the case, enabling a witness to testify more effectively, corroborating testimony, or enabling jurors to better understand the testimony. *Id.* All of the circumstances connected with a crime may be shown in order for the jury to get an understanding of the entire transaction. *Bledsoe v. State,* 344 Ark. 86, 39 S.W.3d 760 (2001).

During appellant's trial, the State introduced seven pictures from her Facebook page to support its argument that appellant was engaging in violent, criminal group activity—by violating Arkansas law while acting in concert with two or more persons—pursuant to Arkansas Code Annotated section 5–74–108 (Repl. 2005). Appellant's counsel objected to the introduction of color photographs from her Facebook page that showed her using gang signs in the picture and contained phrases indicative of gang activity, but the circuit court admitted them into evidence.

Appellant maintains that the State could have presented its argument without introducing this highly prejudicial evidence that became cumulative and inflammatory and may have caused a "disparaging regard" toward her. She contends that the State had evidence to prove this point based on testimony alone; therefore, the photographs should not have been admitted. *See Smith v. State,* 19 Ark. App. 188, 718 S.W.2d 475 (1986) (stating that in cases where the State has other means of proving an issue, the balance is tipped in favor of inflammatory evidence being excluded because of the prejudicial effect).

We find no merit in appellant's argument on this point. The photographs in question were relevant to show that she was working in concert with the other four individuals when Oates was attacked and beaten in violation of section 5–74–108. We hold that no error was committed by the circuit court in admitting them into evidence and affirm on this point as well.

Affirmed.

HOOFMAN and BROWN, JJ., agree.