# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–16–718

| | | |
|---|---|---|
| DEION JOHNSON | | **Opinion Delivered:** February 1, 2017 |
| | APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-14-617] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JOHN HOMER WRIGHT, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## MIKE MURPHY, Judge

Appellant Deion Johnson brings this appeal from his convictions for unlawful discharge of a firearm from a motor vehicle and battery.[1] On appeal, Johnson contends that sufficient evidence did not support his two convictions. We disagree and affirm.

This case stems from Johnson shooting Tracy Samuels three times. A month or so before this incident, Johnson had taken Samuels's dog from his yard because he wanted to keep it for himself. A few days later, Samuels approached Johnson and got his dog back amicably. Between that day and the day of the shooting, Johnson and Samuels did not have any contact.

---

[1] He does not contest his conviction of one count of fleeing.

On the day of the shooting, Johnson and his girlfriend drove to Samuels's home. Upset that his dog had miscarried puppies after having been in Johnson's care, Samuels began to approach Johnson's car. The two exchanged a couple of obscenities, and Samuels began to retreat to his home until Johnson said, "We could handle this right now." Samuels turned around from the door toward the street and approached the vehicle. Johnson then opened his door and fired a gun from his vehicle. Samuels testified that Johnson shot him in the head, neck, and chest. Knowing that his arrest was imminent, Johnson then sped off and fled from officers, but the officers eventually apprehended him.

The jury found Johnson guilty of unlawful discharge of a firearm from a vehicle in the first degree, battery in the first degree, and fleeing. Johnson timely appealed his convictions of unlawful discharge of a firearm and battery in the first degree, alleging that the State did not put forth sufficient proof that the victim had sustained serious physical injuries.

On appeal, a motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *See Reynolds v. State*, 2016 Ark. 214, at 3, 492 S.W.3d 491, 494. This court views the evidence in the light most favorable to the State and affirms if there is substantial evidence to support the verdict. *Id*. Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id*. This court does not weigh the evidence presented at trial or assess the credibility of the witnesses, as those are matters for the fact-finder. *Id*. The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id*.

Unlawful discharge of a firearm from a vehicle in the first degree, as charged in this case, is to knowingly discharge a firearm from a vehicle and by the discharge of the firearm causes death or serious physical injury to another person. Ark. Code Ann. § 5-74-107 (Repl. 2016). First-degree battery, also as charged in this case, is to knowingly cause serious physical injury to any person by means of a deadly weapon. Ark. Code Ann. § 5-13-201 (Repl. 2013).

As required by both of the above definitions, a serious physical injury is defined as a "physical injury that creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ." Ark. Code Ann. § 5-1-102(21). Whether a person has suffered serious physical injury is ordinarily an issue for the trier of fact. *Williamson*, 2011 Ark. App. 73, at 3–4, 381 S.W.3d at 137; *Bangs v. State*, 338 Ark. 515, 998 S.W.2d 738 (1999). It is not necessary that the impairment be permanent, but only protracted. *See Bell v. State*, 99 Ark. App. 300, 259 S.W.3d 472 (2007). And the fact that the victim ultimately recovers has no bearing on whether the injury sustained is serious. *Brown v. State*, 347 Ark. 308, 65 S.W.3d 394 (2001). Moreover, expert medical testimony is not required to prove serious physical injury, as the finder of fact may use its common knowledge to determine whether such injury occurred. *See Hughes v. State*, 2015 Ark. App. 378, at 8, 467 S.W.3d 170, 175; *see also Johnson v. State*, 26 Ark. App. 286, 764 S.W.2d 621 (1989) (the court held that although no medical testimony was presented describing technical aspects of police officer's injury, nonmedical testimony was sufficient to demonstrate that police officer victim had incurred serious physical injury within meaning of first-degree battery statute).

Appellant argues that the State did not provide sufficient evidence to prove the shared element of serious physical injury. We disagree.

Samuels testified that he had sustained three gunshot wounds. He stated that one bullet hit his diaphragm, his liver, and his intestines, and that he lost a kidney as a result of the gunshot wounds. He testified that medical staff at the hospital had cut his chest open and packed it with gauze in an effort to stop his liver from bleeding. He also testified that medical personnel cut part of his intestines, removed pieces of his kidney, deflated his lungs, and sewed his diaphragm back together. Samuels spent multiple days at the hospital. He testified that he continues to get an infection where his kidney used to be and that as a result he has to take antibiotics and had to have drainage tubes placed in his body.

Johnson claims that the State failed to offer any testimony from anyone in the medical field regarding Samuels's injuries. However, the State was not required to call any medical experts to prove serious physical injury. *Hughes, supra.* It was the jury's duty as fact-finders to determine whether Samuels had suffered serious physical injury.

The following evidence supports both of Johnson's convictions: Samuels's testimony that he received three gunshot wounds, was hospitalized, lost a kidney, and suffered further infections as a result of the wound; Samuels's brother's testimony that he was outside, heard the gunshots, and then saw blood on his brother; and the multiple photographs of the wounds introduced as exhibits and a photo of the blood stains on the roadway. Furthermore, Arkansas Code Annotated section 5-1-102(21) only requires that the physical injury cause protracted impairment of health generally. Samuels's testimony of the complications that resulted in infection and required him to return to the hospital, receive

antibiotics, and have drainage tubes placed in his body is sufficient evidence that his injury caused protracted impairment of his health.

Because the State presented substantial evidence from which the fact-finder could find first-degree battery and first-degree unlawful discharge of a firearm from a vehicle, the circuit court did not err by denying his motions for a directed verdict. Affirmed.

ABRAMSON and GLOVER, JJ., agree.

*Buckley, McLemore & Hudson, P.A.*, by: *Grace Casteel*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Amanda Jegley*, Ass't Att'y Gen., for appellee.