Cite as 2021 Ark. App. 74

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-20-196

| | | |
|---|---|---|
| BRANDY R. HUGGINS | | **Opinion Delivered:** February 17, 2021 |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION [NO. 60CR-18-1415] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE LEON JOHNSON, JUDGE |
| | | AFFIRMED |

**STEPHANIE POTTER BARRETT, Judge**

Brandy Huggins was convicted in a bench trial before the Pulaski County Circuit Court of battery in the second degree, a Class D felony. She was found guilty by the court, placed on probation for five years, and fined $1000. On appeal, Huggins argues the circuit court erred in denying her motion to dismiss the charge because the State failed to introduce substantial evidence that the victim sustained serious physical injury as a result of Huggins's actions. We affirm Huggins's conviction.

A motion to dismiss in a bench trial is a challenge to the sufficiency of the evidence. *Ferry v. State*, 2021 Ark. App. 34, 617 S.W.3d 295. When an appellant challenges the sufficiency of the evidence on appeal, the test is whether there is substantial evidence to support the verdict; substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other. *Id*. In

determining whether evidence is substantial, we view the evidence in the light most favorable to the State, considering only that evidence supporting the verdict. *Id.* A person commits battery in the second degree if, with the purpose of causing physical injury to another person, the person causes serious physical injury to another person. Ark. Code Ann. § 5-13-202(a)(1) (Supp. 2019).

The evidence at trial revealed that Huggins went to Albert Porter's house around 2:00 a.m. on March 17, 2018. Porter is Huggins's brother. Jennifer Williams, Porter's live-in girlfriend at the time, testified that Huggins was "hysterical" and seemed intoxicated, and she accused Williams of making allegations that Huggins was having an inappropriate relationship with her brother. The verbal altercation escalated into a physical confrontation that moved from the living room to the bedroom. While Porter was holding Williams down on the bed, Huggins ran to the living room, returned with a glass gallon bottle of Grey Goose vodka, and swung the bottle at Williams's head. Williams raised her right arm in a defensive motion, and the bottle hit her arm around her elbow and shattered. As a result, Williams's arm was sliced open, and forty-seven stiches were required to close the wound. Williams explained that it took two and a half months for her arm to heal, and she was unable to perform the duties of her two restaurant jobs after the injury. Williams testified that she still had problems with her arm at the time of trial. Pictures of Williams's arm two days after the incident were introduced, showing the stitched-up wound that went from above her elbow to halfway down her forearm, and the circuit court was able to view the scar on Williams's arm.

Huggins argues on appeal that the State failed to introduce substantial evidence that she caused serious physical injury to Williams. "Serious physical injury" is defined as "physical injury that creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ[.]" Ark. Code Ann. § 5-1-102(21) (Repl. 2013). Whether a person has suffered serious physical injury is ordinarily an issue for the trier of fact. *Johnson v. State*, 2017 Ark. App. 71, 510 S.W.3d 298. It is not necessary that the impairment be permanent but only protracted, and the fact that the victim ultimately recovers has no bearing on whether the injury sustained is serious. *Williamson v. State*, 2011 Ark. App. 73, 381 S.W.3d 134. Furthermore, expert medical testimony is not required to prove serious physical injury as the finder of fact may use its common knowledge to determine whether such an injury occurred. *Johnson*, *supra*.

Huggins argues that the State "introduced no evidence at all that the cuts Ms. Williams sustained on her right forearm created a substantial risk of her death or caused the loss or the protracted impairment of her health or the protracted impairment of the function of Ms. Williams's right forearm." We disagree. This court has held that a cut can constitute a serious physical injury. *See Cook v. State*, 2 Ark. App. 278, 621 S.W.2d 224 (1981) (a ten-inch cut from navel to hipbone constituted a serious physical injury). In the present case, forty-seven stiches were required to close the wound, which went from above Williams's right elbow down her forearm, and it took two and a half months for the wound to heal, during which time Williams was unable to perform her work duties due to her injury. Williams testified that she continued to endure problems with her arm due to the injury.

3

At trial, the circuit court was able to view photographs of Williams's injury two days after it occurred as well as the scar on Williams's forearm. The circuit court, sitting as the trier of fact and using its common knowledge, determined Williams suffered a serious physical injury when Huggins attacked Williams with a glass gallon liquor bottle that sliced open her forearm, requiring forty-seven stiches, rendering her unable to perform her jobs while the injury healed for over two months, and leaving Williams with a scar from over her elbow down her forearm. We hold this constitutes substantial evidence of serious physical injury to support Huggins's conviction for battery in the second degree.

Affirmed.

VIRDEN and GRUBER, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.