Cite as 2024 Ark. App. 235

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-23-472

| | |
|---|---|
| CHAD EVANS | Opinion Delivered April 10, 2024 |
| APPELLANT | |
| | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NO. 60CR-21-4184] |
| V. | |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE KAREN D. WHATLEY, JUDGE |
| | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Chad Evans appeals his felony video-voyeurism conviction from the Pulaski County Circuit Court. He was sentenced to five years' probation and ordered to register as a sex offender. On appeal, Evans challenges the sufficiency of the evidence and therefore argues the finding that he committed a felony should be reversed and remanded for entry of a misdemeanor conviction. Specifically, he challenges the circuit court's finding that the area behind his desk was a private area out of public view. We disagree and affirm.

In August 2018, Evans became the executive director of Avenir Memory Care, an assisted-living facility for Alzheimer's and dementia patients in Little Rock. The victim, who worked at Avenir from 2017 to 2020, reported to Evans and had an office immediately adjacent to his.

In 2021, the victim learned that during her employment, Evans made several recordings of her without her consent. After viewing the videos, the State charged Evans with video voyeurism pursuant to Arkansas Code Annotated section 5-16-101 (Supp. 2017). A bench trial was held on December 16, 2022.

The videos, discovered by Evans's then wife in May 2019, showed, in part, the victim entering Evans's office where a cell-phone camera was placed under his desk and used to record up her skirt. To facilitate the recording, Evans called her into his office to read something on his computer. She testified that she requested that Evans email her the file, but he claimed that "he couldn't get it to zip," so she did as he requested. When she entered his office, Evans positioned himself so that she had to take a specific path to reach the area. The path forced her to step over the camera, which not only recorded images up her skirt but also showed the locking drawers of Evans's solid wood desk.

After considering the evidence, including the videos, and hearing the parties' arguments, the circuit court found that, although the large glass walls, windows, and doors of Evans's office exposed it to public view, the area behind his desk was a private area out of public view. The circuit court denied Evans's motion to dismiss and found him guilty of felony video voyeurism, sentenced him to five years' probation, and ordered him to register as a sex offender.

On appeal, Evans challenges only the sufficiency of the evidence that the area behind his desk was a private area out of public view such that his conduct constituted a felony. We agree with the State that substantial evidence supports the circuit court's finding that Evans

committed felony video voyeurism by recording the victim in a private area out of public view.

A motion to dismiss in a bench trial, like a motion for a directed verdict in a jury trial, is a challenge to the sufficiency of the evidence. *E.g.*, *Huggins v. State*, 2021 Ark. App. 74, at 1, 618 S.W.3d 187, 188. In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State, considering only evidence supporting the judgment. *E.g.*, *Powell v. State*, 2020 Ark. App. 371, at 4, 605 S.W.3d 532, 535. This court will affirm the conviction if substantial evidence supports it. *Id.* Substantial evidence, whether direct or circumstantial, supports the conviction if it compels a conclusion and passes beyond mere speculation or conjecture. *Id.*

The State charged Evans with felony video voyeurism. Arkansas Code Annotated section 5-16-101(a) provides for the felony crime of video voyeurism:[1]

> (a) It is unlawful for a person to use a camera, videotape, photo-optical, photoelectric, or other image recording device for the purpose of secretly observing, viewing, photographing, filming, or videotaping another person who is present in a residence, place of business, school, or other structure, or a room or particular location within that structure, if the other person:
>
> (1) Is in a private area out of public view;
> (2) Has a reasonable expectation of privacy; and
> (3) Has not consented to the observing, viewing, photographing, filming, or videotaping.

---

[1]Subsection (b) of section 5-16-101 establishes the elements of misdemeanor video voyeurism, which do not include the requirement that the act be committed in a private place out of public view.

Evans does not challenge the sufficiency of the evidence establishing that the victim had a reasonable expectation of privacy and did not consent to being recorded. His argument both at trial and on appeal is limited to the language found in Arkansas Code Annotated section 5-16-101(a)(1): "Is in a private area out of public view."

"'Public view' means observable or likely to be observed by a person in a public place." Ark. Code Ann. § 5-14-101(9) (Supp. 2017). "'Public place' means a publicly or privately owned place to which the public or a substantial number of people have access." Ark. Code Ann. § 5-14-101(8) (Supp. 2017).

The circuit court found that Evans committed felony video voyeurism because the "desk area in his private office was not open to public view." Evans argues that much of his office was in public view because of the glass walls, doors, and windows that surrounded it. However, even with such an arrangement, the solid wood construction of his desk supports the circuit court's finding that the area behind it, where the victim was recorded, fell outside that view. Further, the record is unclear as to the construction of the wall separating Evans's office from the victim's office, where the desk was in relation to any windows, and if the window or door had "frosted" glass.

Given our standard of review, viewing the evidence in the light most favorable to the verdict, we hold that the circuit court reasonably concluded that Evans's desk concealed the area behind it from public view, such that he committed felony video voyeurism by recording her in that location. Substantial evidence supports the circuit court's conclusion that the area behind the desk was a private area out of public view; accordingly, we affirm.

Affirmed.

GRUBER and HIXSON, JJ., agree.

*Montgomery Wyatt Hardy, PLC*, by: *James W. Wyatt*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.